# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

**RICKEY WHITE,**  )
)
        Petitioner, )
)
v.  )  **Case No. CIV 20-116-RAW-KEW**
)
**SCOTT CROW, DOC Director,**  )
)
        Respondent.  )

## OPINION AND ORDER

On April 27, 2020, Petitioner, a pro se prisoner who is incarcerated at Davis Correctional Facility, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1). He also has filed a motion to vacate his conviction because of an invalid search warrant and unlawful arrest under the Fourth Amendment (Dkt. 10).

Plaintiff again is challenging his conviction for First Degree Murder in Choctaw County District Court Case No. CRF-1981-83. Petitioner's Judgment and Sentence was affirmed in *White v. State*, 702 P.2d 1058 (Okla. Crim. App. 1985). Since then, he has filed more than 20 unsuccessful habeas corpus petitions and at least six requests for authorization to file a second or successive § 2254 habeas petition. *See In re: Ricky White*, No. 19-6026, slip op. at 1 (10th Cir. Mar. 29, 2019).[1]

The record shows Petitioner previously challenged his conviction and sentence in this Court in a habeas corpus petition filed on February 9, 2000, in Case No. CIV 00-075-FHS-KEW. The petition was denied on March 31, 2003, as barred by the statute of limitations, and on October 22, 2003, the Tenth Circuit Court of Appeals dismissed the appeal in Case No. 03-7054. There is no indication Petitioner has requested and obtained from the Tenth Circuit authorization to file this second or successive § 2254 petition.

---

[1] The Court takes judicial notice of the PACER federal court records available on the internet.

> When a second or successive § 2254 . . . claim is filed in the district court without the required authorization from [the circuit court of appeals], the district court may transfer the matter to [the circuit] court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction.

*In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (citations omitted). *See also Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases). Because Petitioner has failed to obtain authorization from the Tenth Circuit Court of Appeals to file a second or successive § 2254 petition, this challenge to his conviction is dismissed for lack of jurisdiction.

Further, the Court finds Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, Petitioner is denied a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**ACCORDINGLY,** Petitioner's petition for a writ of habeas corpus (Dkt. 1) is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction, and Petitioner is DENIED a certificate of appealability. Petitioner's motion to vacate his conviction (Dkt. 10) is DENIED AS MOOT.

**IT IS SO ORDERED** this 14th day of July 2020.

Ronald A. White
United States District Judge
Eastern District of Oklahoma